PARIENTE, J.,
concurring.
I fully concur in the majority opinion, which affirms the circuit court’s order denying postconviction relief. I write only to address one concrete issue: the majority’s discussion of Brady[6] and Youngblood[7] claims in reference to the missing voice-mail. In this case, the defendant raised the issue of the voicemail as one of ineffective assistance of counsel; however, he also makes reference to both Brady and Youngblood. Beasley’s claim focuses on the allegation that counsel rendered ineffective assistance by failing to investigate or address the voicemail.
The bottom line, however, is whether raised as an ineffective assistance of counsel claim, a Brady claim, or a Youngblood claim, Beasley did not demonstrate the basic foundation for any of these claims— that the voicemail even existed or that the State ever possessed the tape. See, e.g., Guzman v. State, 868 So.2d 498, 509-10 (Fla.2003) (analyzing, in the alternative, claims involving Brady and Youngblood, as well as an ineffective assistance of counsel claim).
Because the majority opinion discusses both Brady and Youngblood, I write to emphasize that those cases involve two different tests regarding evidence possessed by the State. As the majority correctly recognizes, to establish a Brady violation, the defendant has the burden to show (1) that favorable evidence — either exculpatory or impeaching, (2) was willfully or inadvertently suppressed by the State, and (3) that because the evidence was material, the defendant was prejudiced. See Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); see also Way v. State, 760 So.2d 903, 910 (Fla.2000). A defendant never needs to show bad-faith destruction to establish a Brady violation. Likewise, the Court does not use a different standard under a Brady analysis where the defendant asserts that evidence was “potentially favorable.” See, e.g., Guzman, 868 So.2d at 508.
A Youngblood claim, in contrast, addresses a claim that the State lost or destroyed favorable evidence in bad faith where the police believe that the evidence would exonerate a defendant. “The loss or destruction of evidence that is potentially useful to the defense violates due process only if the defendant can show bad faith on the part of the police or prosecution.” Guzman, 868 So.2d at 509 (citing Youngblood, 488 U.S. at 51, 109 S.Ct. 333) (emphasis added). As this Court has recognized, the “ ‘presence or absence of bad faith ... must necessarily turn on the police’s knowledge of the exculpatory value of the evidence at the time it was lost or destroyed.’ [Youngblood, 488 U.S.] at 57 n.*, 109 S.Ct. 333. Evidence that has not been examined or tested by government agents does not have ‘apparent exculpatory value’ and thus cannot form the basis of a claim of bad faith destruction of evidence.” Guzman, 868 So.2d at 509. Thus, where a defendant asserts that the State destroyed potentially useful evidence, the Court applies a Youngblood analysis.
*501 Regardless of the discussion of Youngblood and Brady, in this case Beasley’s claim, as pointed out by the majority, is speculative in every way. Beasley cannot demonstrate that his trial counsel was ineffective because he failed to demonstrate the basic foundation of this claim — -that the voicemail even existed or that the State ever possessed the tape. Likewise, for the same reason, he necessarily failed to show a Brady or Youngblood violation.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).